```
          IN THE UNITED STATES DISTRICT COURT FOR
         THE DISTRICT OF MARYLAND, NORTHERN DIVISION

                              *
AKZENTA PANEELE + PROFILE
GmbH,                         *

     Plaintiff,               *
                                    CIVIL NO.: 05-CV-3445
v.                            *

UNILIN FLOORING N.C., et al., *

     Defendant.               *

*    *    *    *    *    *    *    *    *    *    *    *    *
```
                         MEMORANDUM OPINION

Akzenta Peneele + Profile GmbH ("Akzenta") has sued Unilin Flooring N.C. LLC; Unilin Beheer B.V.; Columbia Flooring; BHK of America; Roesel-Heck Company, Incorporated; and CMH Flooring Products Incorporated, for patent infringement.  Defendants have counterclaimed alleging noninfringement and invalidity of the Akzenta patent.  Pending is Akzenta's motion for leave to file an amended complaint.  For the following reasons, the motion will be granted.

I.  Background

Akzenta is a German corporation that specializes in the manufacture and distribution of laminate flooring.  Complaint, ¶ 4.  Akzenta is the holder of U.S. Patent No. 6,804,926 (the "926" Patent"), entitled "Method for Laying and Interlocking Panels."  *Id* at 12.  The Defendants manufacture, distribute and sell

laminate flooring throughout the United States.  *Id* at ¶ 11.

Akzenta has sued alleging that the Defendants are infringing the 926 Patent by making, using or selling "products and/or methods that employ...the patented methodology" or that employ the patented "method of installation."  *Id* at 15.  Defendants have counterclaimed alleging noninfringement and patent invalidity.

On June 27, 2006, the Patent and Trademark Office ("PTO") issued Akzenta U.S. Patent No. 7,064,935 (the "935 Patent"), also entitled "Method for Laying and Interlocking Panels."  According to Akzenta, the 935 patent is a continuation patent with the same priority data, abstract, drawings, specifications and subject matter as the 926 Patent.  Plaint. Mot. for Leave to File an Amended Complaint, ¶ 7.

Akzenta has moved to amend its Complaint to add a claim for infringement of the 935 patent.  Defendants have opposed.

II. Analysis

Under Rule 15(a), "a party may amend the party's pleadings only by leave of the court or by written consent of the adverse party; and leave shall be freely given when justice so requires." Federal Rule of Civil Procedure 15(a).  Motions for leave to file an amended complaint are to be liberally granted in the absence of undue delay, bad faith, dilatory motive, repeated failure to

2

cure deficiencies by amendments previously allowed, undue prejudice to the opposing party, or futility.  *Foman v. Davis*, 371 U.S. 178, 182 (1962); *see also Harless v. CSX Hotels,* 389 F.3d 444 (4th Cir. 2004); *Ward Elecs. Serv., Inc. v. First Commercial Bank*, 819 F.2d 496, 497 (4th Cir. 1987); *Davis v. Piper Aircraft,* 615 F.2d 606 (4th Cir. 1980); *Openshaw v. Cohen, Klingenstein & Marks*, 320 F.Supp.2d 357 (D.Md. 2004).

Defendants oppose Akzenta's motion arguing that: 1) Akzenta failed to abide by the scheduling order; 2) Akzenta failed to disclose that the 935 Patent was pending; 3) Defendants will be prejudiced; and 3) judicial efficiency is best served by adjudicating the 935 Patent in a separate action.

A.  Akzenta's Failure to Abide by the Scheduling Order

The deadline for identification of asserted claims and products accused of infringing the asserted claims was June 2, 2006.  However, the 935 Patent was not issued until June 27, 2006 and Akzenta's motion to amend its complaint was filed only three days later.  Accordingly, the Court finds that Akzenta had good cause for filing its motion to amend after the June 2, 2006 deadline.

B.  Akzenta's Failure to Disclose

Defendants argue that Akzenta's delay in disclosing the

3

existence of the 935 Patent was strategic.  However, the 935 Patent was not issued until June 27, 2006.  Prior to that time Akzenta did not know when, or if, the PTO would issue the patent. After the Patent was issued, Akzenta waited only three days before filing its motion to amend.  Accordingly, the Court does not find that Akzenta acted in bad faith.

C.  Potential Prejudice

Defendants claim that they will be prejudiced if forced to respond to the Amended Complaint because substantial discovery has already taken place and they will be at a disadvantage to meet the October 20, 2006 deadline for the filing of dispositive motions.

However, although Defendants may need to conduct additional discovery, given that the 935 and 926 Patents share the same subject matter, priority data, abstract, drawings, and specifications, the additional discovery needed will likely be limited.  As well, discovery does not close until September 8, 2006, and a trial date has not been set.  Therefore, any potential burden on the Defendants can easily be cured. Accordingly, the Court finds that granting the motion to amend will not prejudice Defendants.

C.  Judicial Economy

Defendants argue that judicial economy will be served by denying the motion to amend and addressing the 935 patent claims in a second proceeding.  However, given the similarity of the 935 and 926 patents; the time remaining before discovery closes; and the fact that a trial date has not yet been set, the Court finds that judicial economy will best be served by addressing both of Akzenta's claims in a single proceeding.

D.  Conclusion

For the reasons stated above, Akzenta's motion to amend the Complaint will be granted.


August 18, 2006                              /s/
Date                             William D. Quarles, Jr.
                                 United States District Judge

5