```
            IN THE UNITED STATES DISTRICT COURT FOR
            THE DISTRICT OF MARYLAND, NORTHERN DIVISION
                                   *
AKZENTA PANEELE + PROFILE GmbH,
                                   *
     Plaintiffs,
                                   *    CIVIL NO.: WDQ-05-3445
v.
                                   *
UNILIN FLOORING N.C. LLC, ET AL.,
                                   *
     Defendants
                                   *

*      *    *    *    *    *    *    *    *    *    *    *    *
```

MEMORANDUM OPINION

Akzenta Paneele + Profile GmbH ("Akzenta") has filed suit against Unilin Flooring N.C. LLC, Unilin Beheer B.V., Columbia Flooring, BHK of America, Roesel-Heck Co., Inc., and CMH Flooring Products (collectively "Unilin") for infringement of U.S. Patent No. 6,804,926 (the "'926 patent") and U.S. Patent No. 7,065,935 (the "'935 patent").

Pending is a Motion to File Objections to Magistrate Judge Grimm's September 19, 2006 Order[1] filed by Akzenta's attorneys, Whiteford, Taylor & Preston, LLP ("Whiteford"). For the reasons discussed below the motion will be denied.

I.   Background

---

[1] The order was given orally in court and clarified in an accompanying Letter Order (Paper No. 65).

On December 27, 2005, Akzenta filed a complaint against Unilin alleging infringment of the '926 patent.  The '926 patent issued on October 19, 2004 and claims priority to March 22, 2000.

Unilin filed an answer to the complaint asserting seven affirmative defenses, including noninfringement, invalidity and unenforceability.  Unilin also filed a counterclaim for declaratory judgment that the '926 patent was not infringed, is invalid and unenforceable.

On June 27, 2006, the PTO issued Akzenta's '935 patent.  This subsequent patent is a continuation of the '926 patent and the two vary only in the scope of their claims.  On August 18, 2006, this Court granted Akzenta's motion to file an amended complaint including the '935 patent.  On August 31, 2006, Unilin filed an answer to this amended complaint and included allegations of inequitable conduct against the '926 and the '935 patents.

Unilin had uncovered evidence and argued that Akzenta prosecuted the patents without disclosing certain information suggesting prior use bearing on patentability to the PTO.  In an effort to gather more evidence of this, Unilin seeks to depose one or more representatives of Whiteford.  On September 19, 2006, Judge Grimm held a hearing on Whiteford's motion for a protective order (Paper No. 46) filed in response to Unilin's deposition notice.  Ultimately, Judge Grimm denied the motion.  Paper No. 65

(Judge Grimm's Order).  Judge Grimm limited the deposition to five hours and stated that the subject matter of the scope of the deposition "will extend to either patent at issue in this litigation to which the inequitable conduct defense has been asserted."  Mem. Supp. Mot. Ex. 10 at 62 (September 19, 2006 Hr'g Tr.).  On October 30, 2006, Whiteford filed the objections that are the subject of this opinion.

II. Analysis

Whiteford seeks clarification of Judge Grimm's Order with respect to: 1) attorney-client privilege; and 2) work product protection.  To be clear, Whiteford does not challenge whether the deposition itself can be taken, only its scope and the effect of privilege and work product.  Unilin argues that Whiteford's attempt at clarification is premature because the analysis of privilege or work product should be made based on an actual question posed.

In describing the scope of the potential deposition, Judge Grimm noted that Unilin seeks information regarding prior art relevant to the prosecution of the initial patent, but later extended that to include either patent at issue.  Hr'g Tr. at 32, 62.

Depositions of opposing counsel should only be granted in the limited circumstances when:

(1) no other means exist to obtain the information than to

3

>    depose opposing counsel; (2) the information sought is
>    relevant and nonprivileged; and (3) the information is
>    crucial to the preparation of the case.

*Shelton v. American Motors Corp.*, 805 F.2d 1323, 1327 (8th Cir. 1986). Judge Grimm correctly noted the importance of the first factor--Unilin should first seek to discover the information by other means.

A.   Standard of Review

Under Local Rule 301.5.a, "[a] District Judge may reconsider, modify, or set aside any portion of the Magistrate Judge's order found to be clearly erroneous or contrary to law." *See also* Fed. R. Civ. P. 72(a). Specifically, the District Court should review the factual findings of a magistrate judge's decision for clear error and conclusions of law *de novo*. *Int'l Assoc. of Machinists and Aerospace Workers v. Werner-Masuda*, 390 F.Supp.2d 479, 485 (D. Md. 2005).

In applying the clearly erroneous standard, a District Court should not determine whether the finding is the best or the only finding possible. *Id*. at 486. The Court should not "substitute its own conclusions for that of the magistrate judge;" instead, the Court should only determine whether the magistrate judge's findings are reasonable. *Id*. Indeed, "[i]t is not the function of objections to discovery rulings to allow wholesale relitigation of issues resolved by the magistrate judge." *Buchanan v. Consol. Stores Corp.*, 206 F.R.D. 123 (D. Md. 2002).

B.   Attorney-Client Privilege

Whiteford argues that the scope of the potential deposition, as they understand it, is over-broad and will require them to disclose privileged communications. Mem. Supp. Mot. at 9. They request that the Court "expressly exclude any attorney-client privileged communications from the scope of the deposition." *Id*. at 12. Unilin argues that Whiteford can raise attorney-client privilege in response to Unilin's questions and that a blanket ruling of privilege divorced from particular facts is not appropriate. Mem. Opp. Mot. at 6.

The purpose of the attorney client privilege "is to encourage full and frank communication between attorneys and their clients." *Upjohn Co. v. United States*, 449 U.S. 383, 389 (1981). This purpose, however, is "inconsistent with the general duty to disclose and impedes the investigation of the truth," so "the privilege must be strictly construed." *United States v. (Under Seal)*, 748 F.2d 871, 875 (4th Cir. 1984).

Whiteford, like all proponents of the attorney-client privilege, bears the burden of demonstrating its applicability. *See Hawkins v. Stables*, 148 F.3d 379, 383 (4th Cir. 1998) (quoting *U.S. v. Jones*, 696 F.2d 1069, 1072 (4th Cir. 1982)) In the Fourth Circuit, a party asserting the privilege must show:

> (1) the asserted holder of the privilege is or sought to become a client; (2) the person to whom the communication was made (a) is a member of the bar of a court, or his

5

>    subordinate and (b) in connection with this communication is
>    acting as a lawyer; (3) the communication relates to a fact
>    of which the attorney was informed (a) by his client (b)
>    without the presence of strangers (c) for the purpose of
>    securing primarily either (i) an opinion on law or (ii)
>    legal services or (iii) assistance in some legal proceeding,
>    and not (d) for the purpose of committing a crime or tort;
>    and (4) the privilege has been (a) claimed and (b) not
>    waived by the client.

*In re Allen*, 106 F.3d 582, 600 (4th Cir. 1997) (citing *U.S. v. Tedder*, 801 F.2d 1437, 1442 (4th Cir. 1986)).  Moreover, the Court notes that the determination of privilege should be made on a case-by-case basis.  *Upjohn*, 449 U.S. at 396.  As a result, this Court will not provide blanket privilege protection absent specific facts which Whiteford has not shown.

It is important to note that nothing in Judge Grimm's Order forces or requires discovery of information protected by the attorney-client privilege or prevents the privilege from being claimed with respect to specific deposition questions.

C.   Work Product

Whiteford argues that Judge Grimm has impermissibly allowed discovery of work product.  Whiteford asserts that the deposition must exclude "any work product generated in anticipation of the current litigation."  Mem. Supp. Mot. at 14.  Unilin argues that Whiteford can raise work product protection in response to Unilin's questions and that a blanket ruling divorced from particular facts is not appropriate.  Mem. Opp. Mot. at 6.

"[I]t is essential that a lawyer work with a certain degree

6

of privacy, free from unnecessary intrusion by opposing parties and their counsel." *Hickman v. Taylor*, 329 U.S. 495, 510 (1947). In addition, "[n]ot even the most liberal of discovery theories can justify unwarranted inquiries into the files and mental impressions of an attorney." *Id*. *Hickman* has been codified in Federal Rule of Civil Procedure 26(b)(3) which addresses discovery of "documents and tangible things . . . prepared in anticipation of litigation or for trial."

Courts recognize two categories of work product, fact and opinion. *In re Grand Jury Proceedings*, 33 F.3d 342, 348 (4th Cir. 1994). Fact work product can be discovered by showing: 1) a substantial need; and 2) "an inability to secure the substantial equivalent of the materials by alternate means without undue hardship." *Id*. Courts assert far greater protection over opinion work product, which "represents the actual thoughts and impressions of the attorney and . . . can be claimed by the client or the attorney." *Id*. (citations omitted).

Nothing in Judge Grimm's Order forces or requires discovery of protected work product or prevents it from being claimed with respect to specific deposition questions.

III. Conclusion

In light of the delicate nature of deposing opposing counsel, Judge Grimm will be available during the deposition to resolve disputes as to attorney-client privilege and work product

7

protection as they arise.  To the extent an assertion of privilege or work product is challenged, Judge Grimm will assess the issue on a case by case basis, considering the factors discussed above and other relevant considerations and case-law.  In addition, the Court notes that Local Rules Appendix A, Guideline 6 governs claims of privilege during depositions.  For the reasons discussed above, Whiteford's motion will be denied.


<u>December 21, 2006</u>                        <u>        /s/              </u>
Date                                William D. Quarles, Jr.
                                    United States District Judge